Raymond H. Bowers
vs.                    } No. 84883.
Wilfred J. Paquin

April 20, 1932.

CHURCHILL, J. Heard on motion for a new trial filed by the defendant after a verdict for the plaintiff for $600 in an action for negligence.

A collision between two trucks at intersecting streets is involved in this case. The trucks came together at or near the intersection of Main Street and Lonsdale Avenue in Pawtucket about noon on a clear day in October. Just before the point of intersection Main Street runs in a north and south direction and at a point where it joins Lonsdale Avenue turns and runs northeasterly.

The case made by the plaintiff was this: he was driving a truck towards Providence down Main Street on the right hand side at a speed of about 15 miles an hour; approaching the intersection he slowed down to 8 or 10 miles an hour, went to the right of the center of the intersection of the two streets; when about 15 feet from the center of the intersection he first saw the defendant's truck coming north up Main Street and at the time of the trial thought the speed of the defendant's truck was about 25 or 30 miles an hour (he later modified this and stated that he was not able to tell the speed of the truck when he first saw it); that he then commenced to turn to his left to go down Main Street towards Providence and had not completed the turn when he observed that defendant's truck apparently was not slowing up to give him the right of way and he turned to his right to avoid the truck; that he turned towards Thurston Street, which lay to his right, but the defendant's truck "followed me over" and struck him and ran his truck against the curbstone on the right hand side of Lonsdale Avenue.

The defendant's case was that the truck was being driven northerly bound for Woonsocket; that as the truck neared the corner, the driver saw the plaintiff's truck come down Main Street, "shoot" across the corner to its left in its course down Main Street towards Providence and that he, the driver of the defendant's truck, then turned to his left to avoid it, but was struck by the Bowers' truck.

The defendant urges that under the decision in *Correia* vs. *Cambra*, 51 R. I. 472, the plaintiff is not entitled to recover.

There is sufficient difference in the facts of the two cases to make the instant case one for the jury. The jury might find that the plaintiff reached the intersection first; that he slowed down and went slowly to the right of the intersection; that he looked several times to his left and that it was not until the Paquin truck was rather close to him and after he had commenced to turn that it was apparent that the defendant was not going to concede him the right of way. Under such circumstances it was a fair case for the judgment of the jury as to the due care

of the plaintiff and the negligence of the defendant.

The defendant also urged the point that the weight of the evidence shows that the driver of the plaintiff's truck cut the corner of the intersection to his left and that this brought about the collision. Apparently disinterested witnesses were produced by each party. Each driver was corroborated and on this state of the record, the Court is unable to say that the verdict is against the weight of the evidence or is not sustained by a fair preponderance of the evidence.

It is not suggested that the damages are excessive.

The verdict does justice between the parties and the defendant's motion for a new trial is denied.